## COOKVILLE COAL & LUMBER CO. v. EVANS.

(Court of Civil Appeals of Texas. March 2, 1911. Rehearing Denied March 30, 1911.)

1. TRIAL (§ 340*)—VERDICT—CORRECTION BY COURT.

Any corrections in the form of verdict must be made and the consent of the jury obtained before its discharge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 795, 796; Dec. Dig. § 340.*]

2. TRIAL (§ 340*)—VERDICT—RECORD.

Where the jury returned an ambiguous verdict which was copied into the record, without calling attention to the defect, it and not an ex parte affidavit which alleged that the jury assented to a certain interpretation of it will be taken as the true verdict for Sayles' Ann. Civ. St. 1897, art. 1323, requires verdicts to be written, and courts cannot change the forms of verdicts without the consent of the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 795, 796; Dec. Dig. § 340.*]

3. TRIAL (§ 333*)—VERDICT.

Where a verdict was returned assessing plaintiff's "damages at the sum of $150.00, One Hundred and 50/100," it was ambiguous, and the court had no authority to enter a judgment for $150.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 784–786; Dec. Dig. § 333.*]

4. TROVER AND CONVERSION (§ 36*)—ACTIONS—DAMAGES—EVIDENCE—ADMISSIBILITY.

Where one whose timber has been wrongfully converted and manufactured into lumber claimed damages equal to the value of the manufactured lumber, evidence that the defendant did not willfully commit the trespass was admissible, for it showed the intention of the defendant, and hence was material in the assessment of damages.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. § 222; Dec. Dig. § 36.*]

5. APPEAL AND ERROR (§ 560*) — RECORD — STATEMENT OF FACT.

As Acts 31st Leg. c. 39, require statements of fact to be in narrative form, one in the form of questions and answers will be stricken out,

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

even in the absence of objection, save in an exceptional case.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 560.*]

Appeal from Titus County Court; W. E. Riddle, Judge.

Action by Margaret Evans against the Cookville Coal & Lumber Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

L. E. Keeney, for appellant. Rolston & Ward, for appellee.

HODGES, J. The appellee sued the appellant for damages for cutting down and carrying away certain standing timber situated upon land owned by her, and sought to recover its value after having been manufactured into lumber. The appellant answered by general demurrer, general denial, plea of limitation, and specially that the cutting of the timber was due to an inadvertence and mistake, and tendered into court a sum alleged to be the value of the timber before its manufacture into lumber. The case was tried before a jury, and the following verdict returned: "We, the jury, find for the plaintiff and assess her damages at the sum of $150.00, One Hundred and ⁵⁰/₁₀₀." Upon that verdict the court rendered judgment in favor of the plaintiff in the suit for $150. Of that ruling the appellant complains, claiming that the verdict was too uncertain and indefinite to warrant such a judgment. It is obvious that there are two separate and distinct sums stated as the amount at which the damages due the plaintiff are assessed— one for $150, and the other for $100.50. It appears that after the jury had been discharged the court, upon motion of the appellee, undertook to "reform the verdict," and make it read as if returned for $150. This action was justified upon proof by affidavit of one of the appellee's attorneys that the clerk of the court read the verdict as one for $150, and that the jurors assented upon being asked by the court if that was their finding. There is nothing to indicate that the attention of the jurors was called to the ambiguity of their language, and the verdict was received as it had been prepared and returned by them. Article 1323, Sayles' Ann. Civ. St. 1897, requires the verdict to be in writing. If there are to be any corrections as to the form, they must be made and the consent of the jurors obtained before their discharge. The verdict as quoted above was copied into and formed a part of the judgment, and so appears in the transcript. In order to ascertain what the verdict was, we must look to that record, rather than to ex parte affidavits seeking to impeach its correctness. The court had no authority to enter a judgment in favor of the plaintiff for $150 upon such a verdict.

In view of the fact that appellee claims damages equal to the manufactured value of the timber converted, the appellant should have been permitted to introduce evidence tending to show that the trespass was not willful or intentional. We think, therefore, that the proffered testimony of appellant's general manager as to the directions to observe the lines, and not go on other lands, given by him to the employés who cut the timber, should have been admitted. Where the motive or intent is a proper subject of inquiry, such testimony is relevant and should be received, leaving to the jury the determination of its weight.

There is a motion to strike out the statement of facts filed in this case, because it was not prepared in narrative form. The statement appears to be merely an extension of the stenographic notes made upon the trial in question and answer form. We should feel constrained to disregard this statement, even had there been no objection made. The statute provides that the statement of facts shall be made out in narrative form. Acts 1909, p. 374. Such statements as come to this court, even when made in compliance with the statute, are often needlessly voluminous, requiring the unnecessary consumption of much time in determining issues of fact. When the statement is presented to us in question and answer form from beginning to end, this superimposed task is augmented to a degree which should be tolerated only in exceptional instances.

For the errors discussed, the judgment will be reversed and the cause remanded.